## STATE v MADISON

Ohio Appeals, 2nd Dist, Franklin Co

No 3404. Decided Jan 27, 1942

Roland G. Allen, Police Prosecutor, Columbus, for plaintiff-appellee.

John M. Scott, for defendant-appellant.

### OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio. The action originated in the Municipal Court of Columbus, Ohio, wherein the defendant, Cora Madison. was duly charged with the offense of petit larceny. A trial was had resulting in the defendant being found guilty, following which sentence was imposed. In the Common Pleas Court to which the case was appealed, the judgment was affirmed.

We do not find among the papers any assignment of errors as required under our rules, but an examination of the briefs will disclose that the appellant is complaining that the judgment of the Municipal Court was against the manifest weight of the evidence.

The record discloses that the defendant, Cora Madison, on the 22nd day of February, 1941, went to the store of "Luckoff, Incorporated", for the claimed purpose of buying a skirt. After looking over various samples the defendant was escorted to a booth where she might try the skirts on. It was the claim of the prosecution that while trying the skirts on the defendant put on three skirts at one time and was attempting to make away with them and at the same time leave her old skirt in the booth.

The evidence was conflicting, as is usual in cases of this character. The defendant disclaimed any intent to steal, while the prosecution presented evidence of the salesladies which if believed would warrant the imputation that the defendant was guilty of the offense charged. The trial Court felt the evidence was sufficient and. one reviewing Court has sustained that verdict.

We find nothing in the record which would justify us in reversing. The judgment of the Common Pleas Court will be affirmed and remanded with instructions to remand to Municipal Court for the purpose of carrying the judgment into execution.

GEIGER, PJ. & HORNBECK, J., concur.